UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAWRENCE T FARMER** | **CASE NO.  2:22-CV-01834** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S A A GENERAL INDEMNITY CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is "United Service Automobile Association's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 8). Plaintiff has not filed an opposition to the motion and the time for doing so has lapsed.

### INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. Plaintiff, Lawrence T. Farmer owned property that was insured by United Service Automobile Association ("USAA") during the relevant time period.  Farmer notified USAA of damages caused by the Hurricane and allowed USAA to inspect the property.  Farmer alleges that USAA has failed to pay for all of the damages to the home despite having received satisfactory proof of loss.

### RULE 12(b)(1) STANDARD
Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

USAA moves to dismiss this lawsuit for lack of subject matter jurisdiction. Plaintiff is a resident of Louisiana. USAA is a reciprocal interinsurance exchange with members in all fifty states of the United States, including Louisiana. *See McIntosh v. UDAA Gen. Indem. Co.*, 2021 WL 211086, at *2 (S.D. Ill. Jan. 21, 2021). USAA maintains that because there is no diversity in this case, it must be dismissed. The Court agrees.

## **CONCLUSION**

Because the parties in this case are not diverse, this Court lacks subject matter jurisdiction and will dismiss this lawsuit.

**THUS DONE AND SIGNED** in Chambers on this 31st day of August, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**